**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50621
Summary Calendar
_____


FREDERICK C. FERMIN,

Plaintiff-Appellant,


VERSUS

METROPOLITAN LIFE INSURANCE COMPANY
and
AIR FORCE ASSOCIATION,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CV-906)

_____


February 13, 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Frederick Fermin appeals a summary judgment in favor of Metropolitan Life Insurance Company ("MetLife") and the Air Force Association. We affirm in part and reverse in part.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Fermin has insurance coverage under a group hospital indemnity policy issued to the Air Force Association by MetLife. Virginia law governs the policy. Although the policy does not specifically exclude coverage for alcoholism, the accompanying insurance certificate excludes coverage for "confinement in a place primarily in the care of drug addicts or alcoholics."

Fermin was hospitalized seven times in an alcoholism-treatment facility, once in April 1991 and subsequently after April 1993. The defendants refused to compensate Fermin for the hospitalizations, claiming that he was not covered for treatment in "place[s] primarily in the care of drug addicts or alcoholics."

## II.

We review a grant of summary judgment *de novo*. *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

III.

Fermin first contends that the district court incorrectly found that he was not entitled to coverage for the April 1991 hospitalization because his coverage did not begin until December 31, 1991. Fermin maintains that he was covered as of June 1990.

The district court relied on a clause on the third page of the insurance certificate declaring that Fermin's personal benefits eligibility date was "the later of: (a) the day [Fermin] became a member; or (b) December 31, 1991." Taken alone, this clause does indicate that Fermin's coverage began no earlier than December 31, but the first page of the insurance certificate suggests otherwise, informing us that "[t]he Member named above [Fermin] is covered for the Personal Benefits on the effective date set forth above." The effective date typed on the certificate is June 1990.

The discrepancy between the first and third pages should have precluded summary judgment for the defendants. While the defendants may be able to produce additional evidence to explain the apparent discrepancy, there is nothing in the record before us that does so. We therefore vacate summary judgment on Fermin's claims that arise from the April 1991 hospitalization.

IV.

We find no merit in Fermin's other arguments. He raises two claims for the first time on appeal.

First, Fermin asserts claims that MetLife had a duty to advise him that the laws of Virginia had changed and that he "was deprived

3

of his legal right to make a legal selection for the health insurance coverage for medical treatment for alcoholism or to reject said coverage for alcoholism." Because he failed to raise these issues in the district court, he cannot do so now. *See Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989).

Fermin also argues that his insurance policy does not exclude coverage for confinement in alcoholism-treatment facilities. He concedes that the insurance certificate does exclude coverage for "confinement in a place primarily for the care of drug addicts and alcoholics," but he maintains that under Va. Ins. Code § 38.2-3331, a certificate of insurance is not part of an insurance contract.

Fermin's reliance on § 38.2-3331 is misplaced. That statute requires that an insurance certificate include "any limitations, reductions and exclusions applicable to the coverage provided." The statute does not state whether such exclusions must also appear in the insurance policy, but it does not prohibit the policy from incorporating by reference the exclusions contained in the insurance certificate. In this case, the policy does specifically incorporate the insurance certificate by stating that "[t]he certificate will state the insurance protection to which the Member is entitled." Fermin's policy therefore does exclude coverage for confinement in alcoholism-treatment facilities.

Finally, Fermin contends that the court erred by refusing to apply Va. Ins. Code § 38.2-3413 to hospitalizations that occurred

4

after the legislature repealed that statute.[1]  All of Fermin's hospitalizations (except the April 1991 hospitalization) occurred after March 1993, when the legislature repealed § 38.2-3413.  We find no merit in Fermin's contention that the district court applied the repeal retroactively by refusing to apply the statute to hospitalizations that occurred after its repeal.

Even assuming that § 38.2-3413 had not been repealed, it would not apply to Fermin's policy.  The statute required that insurance policies cover alcohol treatment if they provided coverage "on an expense incurred basis" or were "group subscription contract[s] which provide[] coverage of a family member of the insured or subscriber."  The district court found that Fermin's policy did not provide coverage on an expense-incurred basis, and Fermin does not contest this finding.  There is no evidence in the record that the policy was a "group subscription contract which provides coverage of a family member of the insured or subscriber."  Thus, § 38.2-3413 would not apply to Fermin's policy.

## V.

In summary, the district court's finding that Fermin was not entitled to coverage for his April 1991 hospitalization is VACATED and REMANDED.  Summary judgment on Fermin's remaining claims is AFFIRMED.

---

[1] To the extent that Fermin maintains that § 38.2-3413 was not repealed, he is in error.